UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE ALBERT SWEET,

           Plaintiff,

v.                                                                                                           Case No. 23-cv-980-pp

BROWN COUNTY SHERIFF'S DEPARTMENT, *et al.*,

           Defendants.

---

## ORDER REQUIRING PLAINTIFF TO FILE A SECOND AMENDED COMPLAINT

---

On March 6, 2024, the court screened plaintiff Lawrence Albert Sweet's *pro se* complaint under 42 U.S.C. §1983, determined that it did not state a claim against any defendant in his or her official capacity and dismissed the complaint. Dkt. No. 15. The court gave the plaintiff "an opportunity to file an amended complaint against any defendant(s) he wishes to sue in their individual capacity or capacities." Id. at 20–21. The court explained that the "amended complaint does not need to be long or contain legal language or citations to statutes or cases." Id. at 21 (emphasis omitted). The court provided the plaintiff an amended complaint form and advised him to "use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim." Id. The court told the plaintiff that if there was "not enough space on those pages, the plaintiff may use up to five additional sheets of paper, double-spaced so that the court can read them." Id.

The court ordered the plaintiff to file his amended complaint—consistent with those instructions—by April 5, 2024. Id. at 28. The court later extended the deadline to June 5, 2024. Dkt. No. 17.

On May 20, 2024, the court received the plaintiff's amended complaint. Dkt. No. 18. The amended complaint names as defendants "Brown County Sheriffs Department jail et al. [*sic*]," Vital Core Health Service, et al., the Brown County Health and Human Services, et al., seven Jane Doe defendants, four John Doe defendants, and named defendants Corporal Bartels, Corporal Higgins, Officer Loren, Admin. Heidi Michele and Officer Kraul. Id. at 1.

The amended complaint begins on the form that the court sent the plaintiff with the previous order. Id. at 1–5. The plaintiff summarizes his claims—that the defendants "failed to provide timely and adequate treatment of [his] chronically high blood pressure." Id. at 2. He asserts that the defendants were both negligent and deliberately indifferent and then defines both terms. Id. at 2–3. He asserts that the events occurred while he was at the Brown County Sheriff's Department Jail Division and "under medical care of those named as employees of Vital Core Health Services" and employees of the Sheriff's Department. Id. at 3. The plaintiff maintains his request for $444 million dollars and seeks "changes in policies and procedures and emergency protocols" at the jail. Id. at 4. To the amended complaint form, the plaintiff attached forty-three pages of additional hand-written allegations. Id. at 6–48. These pages are single-spaced, and there are no paragraphs, headings or other

breaks in the text. Id. The forty-three-page attachment is effectively one continuous paragraph of allegations.

As noted, the court instructed the plaintiff to file his amended complaint on the court's provided form and, if needed, on "up to five additional sheets of paper, double-spaced so that the court can read them." Dkt. No. 15 at 21. The plaintiff did not follow those instructions. The plaintiff attached far more than five additional pages—he attached *forty-three* additional pages. He did not double-space so that the court could easily read the allegations. The original complaint was long; it consisted of an eleven-page complaint form and a ten-page handwritten attachment. Dkt. No. 1. But much of the complaint form was blank space, and the handwritten portion had breaks and blank space that made it readable. The amended complaint is more than twice the length of the entire original complaint, and the plaintiff's single-spaced, handwritten pages are difficult to read because there are no breaks and no blank space.

The court explained in the previous screening order that Federal Rule of Civil Procedure 8(a)(2) states a complaint "must contain . . . a short and plain statement of the claim showing that the pleader is entitled to relief." Dkt. No. 15 at 2. There is a reason that the rule specifies a "*short and plain*" statement. "Rule 8(a) requires parties to make their pleadings straightforward, so that judges and adverse parties need not try to fish a gold coin from a bucket of mud." U.S. *ex rel.* Garst v. Lockheed-Martin Corp., 328 F.3d 374, 378 (7th Cir. 2003). The plaintiff cannot leave the court "to guess what claims [he] intends to assert against which defendants." Dunigan v. St. Clair Cnty. Jail Med. Staff,

Case No. 15-CV-487, 2015 WL 2455505, *2 (S.D. Ill. May 22, 2015). "[L]ength may make a complaint unintelligible, by scattering and concealing in a morass of irrelevancies the few allegations that matter." Kadamovas v. Stevens, 706 F.3d 843, 844 (7th Cir. 2013) (quoting Garst, 328 F.3d at 378). "District judges are busy, and therefore have a right to dismiss a complaint that is so long that it imposes an undue burden on the judge, to the prejudice of other litigants seeking the judge's attention." Id.

The court will not sort through the plaintiff's forty-three-page, single-spaced, amended complaint to try to figure out what claims he is trying to bring against which defendants. The court will require the plaintiff to file a second amended complaint that complies with the court's instructions, and with Rule 8. The second amended complaint must provide a "simple, concise, and direct" statement of his claims. Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998). The plaintiff should "avoid a rambling, incoherent complaint." Ford v. Flannery, Case No. 2-07-CV-267, 2008 WL 821686, *2 (N.D. Ind. March 26, 2008). The plaintiff does not need to include every detail of the facts supporting his claim(s); he needs to provide only enough facts to allow the court to reasonably infer that the defendants did what the plaintiff alleges they did.

As the court explained in the previous order, the second amended complaint should provide the court with enough facts to answer the following questions: 1) Who violated his constitutional rights?; 2) What did each person do to violate his rights?; 3) Where did each person violate his rights?; and 4)

When did each person violate his rights? The court reiterates that the second amended complaint **does not need to be long or contain legal language or citations to statutes or cases**. The second amended complaint must allege only enough facts to provide the court and each defendant with notice of what each defendant allegedly did or did not do to violate his rights.

The court is enclosing with this order another blank complaint form. The plaintiff **must** use that form to file his second amended complaint. See Civil Local Rule 9 (E.D. Wis.). The plaintiff must write "Second Amended" at the top of the first page of the form, before the word "Complaint." He must list the case number for this case on the first page. He must list all the defendants he wants to sue in the caption of the second amended complaint. He must use the spaces on pages two and three to explain the key facts that give rise to the claims he wishes to bring, and to describe which defendants he believes committed the violations that relate to each claim. If, after crafting his allegations in clear, concise, "who, what, when, where, why" language, the plaintiff believes he needs more space than is provided in the form complaint, he may attach **a maximum of five additional sheets of paper, double-spaced so that the court can read them**. If the plaintiff's second amended complaint does not comply with these instructions, the court may dismiss this case without further notice for failure to follow the court's instructions.

The second amended complaint will take the place of the original and amended complaints and must be complete in itself. The plaintiff may not refer the court back to his original or amended complaints. He must repeat in the

5

second amended complaint any of the facts from the original or amended complaint that are *necessary* to his claims, but he also should consider carefully whether a particular fact is necessary before repeating it.

The court **CONCLUDES** that the plaintiff's amended complaint fails to state a claim. Dkt. No. 18.

The court **ORDERS** that the plaintiff may file a second amended complaint that complies with the instructions in this order. If the plaintiff chooses to file a second amended complaint, he must do so in time for the court to *receive it* by the end of the day on **August 16, 2024**. If the plaintiff files a second amended complaint in time for the court to receive it by the end of the day on August 16, 2024, the court will screen the second amended complaint as required by 28 U.S.C. §1915A. If the plaintiff does not file a second amended complaint by the deadline, or if the second amended complaint does not comply with the instructions in this order, the court will dismiss this case based on the plaintiff's failure to state a claim in his original and amended complaints and will issue him a strike as required by 28 U.S.C. §1915(g).

Dated in Milwaukee, Wisconsin this 10th day of July, 2024.

                                                           **BY THE COURT:**

                                                           **HON. PAMELA PEPPER**
                                                           **Chief United States District Judge**