UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN

---

LAWRENCE ALBERT SWEET,

                 Plaintiff,

v.                                                           Case No. 23-cv-980-pp

CORPORAL HIGGINS,

                 Defendant.

---

**ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT ON EXHAUSTION GROUNDS (DKT. NO. 33) AND DISMISSING CASE WITHOUT PREJUDICE**

---

    Plaintiff Lawrence Albert Sweet, who is incarcerated and is representing himself, is proceeding under 42 U.S.C. §1983 on a Fourteenth Amendment claim against a corporal at the Brown County Jail. The defendant has moved for summary judgment on the ground that the plaintiff failed to exhaust his administrative remedies before filing his complaint. Dkt. No. 33. The plaintiff opposes the motion but has not filed any evidence in support of his opposition. The court accepts the defendant's proposed findings of fact as undisputed, finds that the plaintiff failed to exhaust his administrative remedies, grants the defendant's motion and dismisses the case without prejudice.

**I.    Facts**

    A.    <u>Procedural Background</u>

    On July 21, 2023, the court received the plaintiff's complaint asserting claims against Brown County, the Brown County Jail, several jail employees and Vitalcore (the jail's healthcare provider) and its employees, all named in only their official capacities. Dkt. No. 1. The court screened the complaint and

determined that it did "not state a claim against any defendant in his, her or its official capacity." Dkt. No. 15 at 20. The court gave the plaintiff "an opportunity to file an amended complaint against any defendant(s) he wishes to sue in their individual capacity or capacities." Id. at 20–21. The court instructed the plaintiff that the "amended complaint does not need to be long or contain legal language or citations to statutes or cases" and told the plaintiff to present his amended allegations on an attached complaint form and "up to five additional sheets of paper, double-spaced so that the court can read them." Id. at 21.

On May 20, 2024, the court received the plaintiff's amended complaint. Dkt. No. 18. The amended complaint named numerous defendants, many of them unknown John or Jane Does, and spanned forty-eight, single-spaced pages. Id. The court concluded that the amended complaint violated Federal Rule of Civil Procedure 8(a)(2) and did not comply with the court's first screening order because it did not contain "'a short and plain statement of the claim showing that the pleader is entitled to relief.'" Dkt. No. 20 at 3 (quoting Dkt. No. 15 at 2). The court gave the plaintiff a final opportunity to file a complaint that complied with the court's instructions and provided "a 'simple, concise, and direct' statement of his claims." Id. at 4 (quoting Bennett v. Schmidt, 153 F.3d 516, 518 (7th Cir. 1998)).

On July 19, 2024, the court received the plaintiff's second amended complaint. Dkt. No. 21. This complaint complied with the court's instructions in the previous order but still named numerous defendants, including Brown County, the jail, other Brown County departments, Vitalcore and several known and unknown jail and Vitalcore employees or officials. Id. at 1. The court screened the second amended complaint, concluded that it stated a

2

Case 2:23-cv-00980-PP    Filed 03/31/25    Page 2 of 13    Document 41

Fourteenth Amendment claim only against Corporal Higgins in his individual capacity and dismissed all other defendants and claims. Dkt. No. 22.

On October 30, 2024, after counsel had appeared for defendant Higgins, the court issued a scheduling order setting deadlines for completing discovery and filing summary judgment motions—including a deadline of January 13, 2025 for the defendant to move for summary judgment on exhaustion grounds. Dkt. No. 30. At that deadline, the court received from the defendant the instant motion for summary judgment on exhaustion grounds. Dkt. No. 33. On January 14, 2025, the court issued an order requiring that by February 12, 2025, the plaintiff must respond to the motion. Dkt. No. 38. The court advised the plaintiff:

> The plaintiff must respond to each of the defendant's proposed findings of fact (Dkt. No. 35), either by agreeing with the proposed fact or explaining why he disagrees with the proposed fact. If the plaintiff does not either agree or disagree with a proposed fact, the court will assume that he agrees with that proposed fact. The plaintiff must support every disagreement with a proposed fact by citing to evidence. He can do that by relying on documents that he attaches to his response or by telling the court his version of what happened in an affidavit or an unsworn declaration under 28 U.S.C. §1746. . . . The plaintiff also must respond to the legal arguments in the defendant's brief (Dkt. No. 34) by explaining why he disagrees with those arguments.

Id. at 1–2 (footnote omitted). The court advised the plaintiff that if he did not respond by February 12, 2025, as the court had instructed, the court would "treat the defendant's motion as unopposed, accept all facts the defendant asserts as undisputed and decide the motion based on the arguments in the defendant's brief, without any input from the plaintiff. That means the court likely will grant the defendant's motion and dismiss the case." Id.

On January 30, 2025, the court received the plaintiff's response to the motion, dkt. no. 39, but it does not comply with the court's local rules or the

3
Case 2:23-cv-00980-PP    Filed 03/31/25    Page 3 of 13    Document 41

court's January 14, 2025 order. The plaintiff's response is two pages long, and it does not address or contest the defendant's proposed findings of fact. See Civil Local Rule 56(b)(2)(B) (E.D. Wis.). The response is not sworn to be true under penalty of perjury, and the plaintiff did not file or attach "any opposing affidavits, declarations, [or] other materials" in support. See id. Rule 56(b)(2)(C). Because the plaintiff's response does not comply with the January 14, 2025 order or the court's local rules, the court will deem the defendant's facts admitted and the defendant's evidence undisputed. See id. Rule 56(b)(4); Smith v. Lamz, 321 F.3d 680, 683 (7th Cir. 2003) ("[A] failure to respond by the nonmovant as mandated by the local rules results in an admission.").

  B. Factual Background

The plaintiff was incarcerated at the jail during the events described in the second amended complaint. Dkt. No. 35 at ¶1. The second amended complaint alleges that from March 2023 through January 2024, jail officials provided the plaintiff with inadequate medical treatment. Dkt. No. 21 at 2. Specific to his only remaining claim against Corporal Higgins, the plaintiff alleges that in April 2023,

> Corporal Higgins told him that "mental health services of Brown County ordered [him] to be placed in a safety smock and room," and Higgins was "mandated . . . to insure that those orders were carried out." The plaintiff told Higgins that he "refused [and] said [he would] fight." He asserts that Higgins "showed direct indifference to the rules and law" and did not move the plaintiff to a safety cell. Four days later, the plaintiff suffered a seizure and was sent back to the ICU at the hospital for an "emergency heart cathedar [*sic*] proce[]dure."

Dkt. No. 22 at 5 (internal citations omitted).

    1. *The Defendant's Undisputed Facts*

The defendant asserts that in 2023, the jail had an established procedure allowing incarcerated persons to file grievances and appeals about issues at the jail. Dkt. No. 35 at ¶2. Under this procedure, an incarcerated

person was required to file a timely grievance and appeal to exhaust the jail's grievance procedures. Id. at ¶3.

The defendant provided a declaration from Jail Administrator Heidi Michel. Dkt. No. 36. Michel avers that the grievance procedure is contained in the Inmate Handbook, which is available on the electronic kiosk at the jail and is available to incarcerated persons on request. Id. at ¶6. She avers that during booking into the jail, staff inform new detainees about using the kiosk system to access the jail's rules and grievance procedure. Id. at ¶7. Before using the kiosk, incarcerated persons must acknowledge receipt of the handbook. Id. Michel avers that in 2023, incarcerated persons at the jail had access to and could submit their own grievances or appeals by using the specific grievance/appeal form available to them. Id. at ¶8. If an incarcerated person was "on a watch or other types of restriction, an officer could assist [the incarcerated person] in filling out the grievance." Id.

The defendant also filed a copy of the Inmate Handbook. Dkt. No. 36-1. The handbook states that incarcerated persons first must attempt to resolve any issue with their housing officer. Id. at 10. Incarcerated persons then must file a grievance "within forty-eight (48) hours of the incident" or provide "a valid reason why [they] waited" to submit an untimely grievance. Id. Jail staff review and respond to grievances within seven days of receipt. Dkt. No. 36 at ¶10. The incarcerated person has the right to appeal the response and must submit his appeal within forty-eight hours of receipt of the response. Id. Michel avers that jail staff provide considerations and exceptions to the grievance and appeal timing requirements for incarcerated persons who are on restrictions or are otherwise unable to submit their grievance or appeal within the forty-eight-hour deadlines. Id.

5

The plaintiff first used the kiosk system at the jail on February 24, 2023, at which time he was required to acknowledge receiving and reviewing the Inmate Handbook including the grievance procedure. Dkt. No. 35 at ¶7. The defendant did not file with the court any of the plaintiff's grievance records from the kiosk at the jail. But Michel avers that the plaintiff "did not submit any grievance or appeal regarding an incident or Officer Higgin's [sic] alleged failure to place him in a safety cell in approximately April of 2023." Dkt. No. 36 at ¶11. She concludes that because the plaintiff did not file any grievance about this issue, he did not exhaust the jail's grievance procedure regarding this claim. Id. at ¶12.

2.  *The Plaintiff's Response*

As stated, the plaintiff did not oppose the defendant's proposed findings of fact and did not submit his own proposed facts or any evidence in support. His unsworn response says that he "did indeed exhaust his administrative remedies before filing this action." Dkt. No. 39 at 1. The plaintiff says that the court "has in it's possession certified certificate of grievance reports and kiosk messages made by [the plaintiff]." Id. He says that the court also has "a descriptive brief summary of the events that transpired, leading to the action of filing this lawsuit." Id. The plaintiff "call[s] attention to" several grievances, and he lists fifteen grievance numbers. Id. at 1–2. The plaintiff does not cite evidence in support of these statements, nor does he say when he filed the grievance reports, kiosk messages or descriptive summary of events.

The plaintiff says that he "will also use his medical files from Brown County Jail and Aurua [sic] Bay Medical Hospital to show cause that he does in fact have serious diagnois [sic] of state 2 high blood pressure with hypertension." Id. at 2. He says that his medical records "combined with [his]

motions to Brown County Circuit Court Branch VI requesting habeas corpus and compassionate release without oral arguement [*sic*] based on [his] emergency health risks prove that exhausting administrative remedies did occur." Id. Again, he has not cited any evidence in support of these statements, nor does he say whether or when he filed his medical records with this court. The plaintiff asks the court to deny the defendant's motion for summary judgment "and proceed to 12 person jury trial." Id.

## II. Discussion

### A. Summary Judgment Standard

A party is entitled to summary judgment if it shows that there is no genuine dispute as to any material fact and it is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a); see also Anderson v. Liberty Lobby, Inc., 477 U.S. 242, 248 (1986). "Material facts" are those that "might affect the outcome of the suit." See Anderson, 477 U.S. at 248. A dispute over a "material fact" is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the non-moving party." Id.

Summary judgment is proper "against a party who fails to make a showing sufficient to establish the existence of an element essential to that party's case, and on which that party will bear the burden of proof at trial." Celotex Corp. v. Catrett, 477 U.S. 317, 322 (1986). To survive a motion for summary judgment, a non-moving party must show that sufficient evidence exists to allow a jury to return a verdict in its favor. Brummett v. Sinclair Broad. Grp., Inc., 414 F.3d 686, 692 (7th Cir. 2005).

### B. Exhaustion

Under the Prison Litigation Reform Act, an incarcerated person cannot assert a cause of action under federal law "until such administrative remedies as

7

Case 2:23-cv-00980-PP    Filed 03/31/25    Page 7 of 13    Document 41

are available are exhausted." 42 U.S.C. §1997e(a); see Woodford v. Ngo, 548 U.S. 81, 93 (2006). To comply with §1997e(a), an incarcerated person must "properly take each step within the administrative process." Pozo v. McCaughtry, 286 F.3d 1022, 1024 (7th Cir. 2002). This requirement applies to all suits filed by incarcerated persons "about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." Porter v. Nussle, 534 U.S. 516, 532 (2002).

The Court of Appeals for the Seventh Circuit applies a "strict compliance approach to exhaustion," Dole v. Chandler, 438 F.3d 804, 809 (7th Cir. 2006), and expects incarcerated persons to adhere to "the specific procedures and deadlines established by the prison's policy," King v. McCarty, 781 F.3d 889, 893 (7th Cir. 2015) (citing Woodford, 548 U.S. at 93). "Exhaustion requires a prisoner to 'take each of the steps prescribed by the state's administrative rules governing prison grievances.'" Williams v. Rajoli, 44 F.4th 1041, 1045 (7th Cir. 2022) (quoting Chambers v. Sood, 956 F.3d 979, 983 (7th Cir. 2020)). That means if the plaintiff failed to complete *any step* in the jail's exhaustion process before bringing his lawsuit, the court must dismiss the plaintiff's claims. See Perez v. Wis. Dep't of Corr., 182 F.3d 532, 535 (7th Cir. 1999). Because exhaustion is an affirmative defense, the defendant bears the burden of proving that the plaintiff failed to exhaust. See Pavey v. Conley, 544 F.3d 739, 740–41 (7th Cir. 2008) (citing Jones v. Bock, 549 U.S. 199, 216 (2007)). If the defendant satisfies that burden, the court must dismiss the plaintiff's unexhausted claim without prejudice. See Ford v. Johnson, 362 F. 3d 395, 401 (7th Cir. 2004) (explaining that "*all* dismissals under § 1997e(a) should be without prejudice").

C. <u>Analysis</u>

The undisputed evidence shows that the plaintiff did not submit any grievances or appeals related to his Fourteenth Amendment claim against Corporal Higgins. As the court has explained, the court must strictly interpret the requirements for exhaustion under §1997e(a). The plaintiff's failure to file a grievance and appeal related to his claim against Higgins means he failed to exhaust his administrative remedies for that claim. <u>See</u> <u>Pozo</u>, 286 F.3d at 1025 ("To exhaust remedies, a prisoner must file complaints and appeals in the place, and at the time, the prison's administrative rules require."); <u>see also</u> <u>Hamilton v. Nikki</u>, Case No. 22-CV-1325, 2023 WL 6794366, at *3 (E.D. Wis. Oct. 13, 2023) (no exhaustion by Brown County Jail detainee who was "provided the grievance procedure during booking" but failed to file grievance); <u>Carthage v. Malcomson</u>, Case No. 16-CV-326, 2017 WL 4712221, at *3 (E.D. Wis. Oct. 18, 2017) (detainee's general complaints to Brown County Jail staff were insufficient to exhaust administrative remedies because he failed to "timely file grievances or appeals in the manner the Jail prescribed"). The undisputed facts show the plaintiff did not exhaust his administrative remedies for his claim against Higgins.

The plaintiff's unsworn response does not change the court's conclusion. The plaintiff insists that he did exhaust his administrative remedies and says that the court has certified copies of at least fifteen grievance reports and kiosk messages showing that he exhausted. But the plaintiff did not file any of those materials along with his response to the defendant's motion for summary judgment, nor did he tell the court where in the court record the materials are located. He has not provided any *evidence*—not even an affidavit or unsworn declaration—showing that he exhausted; he has given the court "nothing but

some conclusory statements . . . [in] an unsworn, uncertified statement," which are not admissible evidence on which the court may rely in deciding the defendant's motion. Hall v. Wisconsin, Case No. 18-cv-895, 2020 WL 533749, at *2 (E.D. Wis. Feb. 3, 2020); see Zavala-Alvarez v. Darbar Mgmt., Inc., 617 F. Supp. 3d 870, 886 (N.D. Ill. 2022) ("An unsworn statement that lacks a certification under penalty of perjury has no evidentiary value . . . . From an evidentiary standpoint, it's weightless.").

The plaintiff previously filed multiple documents with attached exhibits totaling 124 pages. See Dkt. Nos. 1-1, 7-1, 8-1, 10-1, 11-1, 13-1.[1] It is possible that the grievances he references in his response are somewhere among these exhibits. But the plaintiff does not cite these exhibits or documents, and he does not say in his response to the summary judgment motion whether they contain the grievances that he says he filed related to his claim against Higgins. It is the plaintiff's obligation to provide "specific references" to materials in the record that support his opposition to the defendant's motion for summary judgment. Civil L.R. 56(b)(1)(C); see Fed. R. Civ. P. 56(c)(1)(A). The court is not required to wade through the plaintiff's past filings looking for the grievances he mentions in his response. See Fed. R. Civ. P. 56(c)(3); Ducksworth v. Utter, Case No. 21-cv-197, 2024 WL 2746700, at *8 (E.D. Wis. May 29, 2024) (citing Gross v. Town of Cicero, Ill., 619 F.3d 697, 702 (7th Cir.

---

[1] The plaintiff filed eight pages of attachments with his original complaint. Dkt. No. 1-1. A month after he filed the complaint, he filed twenty-one additional pages of exhibits. Dkt. No. 7-1. About two weeks later, he filed nine more pages of exhibits. Dkt. No. 8-1. Three months later, he filed four pages of exhibits, dkt. no. 10-1; five weeks later he filed an additional seventy pages of exhibits, dkt. no. 11-1. Three weeks after that, he filed another twelve pages of exhibits. Dkt. No. 13-1.

2010); and <u>Jordan v. Block</u>, Case No. 21-CV-1473, 2023 WL 6318742, at *3 (E.D. Wis. Sept. 28, 2023)).

Nonetheless, the court reviewed Dkt. No. 11-1, which appears to contain the plaintiff's grievance history from his time at the jail. Two of the grievances in that document are handwritten and are from April 2023, when the plaintiff alleges the incident with Higgins occurred. Dkt. No. 11-1 at 15–17. The first grievance is from April 2, 2023 and it involves the plaintiff's requests related to his medical conditions and a "Do Not Resuscitate" (DNR) order. <u>Id.</u> at 15–16. The second grievance is from April 8, 2023 and it concerns a medical incident where the plaintiff experienced a racing heartbeat and chest tightness. <u>Id.</u> at 17. The plaintiff also complained about nurses not providing him medication. <u>Id.</u> There are additional pages that appear to be printouts of grievances from the kiosk that the plaintiff submitted in April 2023. <u>Id.</u> at 60–66. These grievances involve the same concerns about the plaintiff's medical treatment and DNR request and separate requests to lift a canteen and package restriction. <u>Id.</u> None of these grievances mention or involve Higgins or the plaintiff's allegations about Higgins refusing to move him to a safety cell in April 2023.

The court finds that the defendant's unopposed motion and materials in support satisfy defendant's burden to show that the plaintiff failed to exhaust his administrative remedies before bringing his claim against Higgins. The court must dismiss the lawsuit without prejudice and without considering the merits of the plaintiff's claims. <u>See</u> <u>Ford</u>, 362 F.3d at 401; <u>Perez</u>, 182 F.3d at 536 (noting that where the defendant raises the issue of exhaustion, a district

11
Case 2:23-cv-00980-PP   Filed 03/31/25   Page 11 of 13   Document 41

court "must not proceed to render a substantive decision until it has first considered § 1997e(a)").[2]

### III. Conclusion

The court **GRANTS** the defendant's motion for summary judgment on exhaustion grounds. Dkt. No. 33.

The court **ORDERS** that this case is **DISMISSED WITHOUT PREJUDICE**. The clerk will enter judgment accordingly.

This order and the judgment to follow are final. A dissatisfied party may appeal this court's decision to the Court of Appeals for the Seventh Circuit by filing in this court a notice of appeal within **thirty days** of the entry of judgment. See Federal Rules of Appellate Procedure 3, 4. This court may extend this deadline if a party timely requests an extension and shows good cause or excusable neglect for not being able to meet the 30-day deadline. See Fed. R. App. Pro. 4(a)(5)(A). If the plaintiff appeals, he will be liable for the $605 appellate filing fee regardless of the outcome of the appeal. If the plaintiff seeks to proceed on appeal without prepaying the appellate filing fee, he must file a motion in *this court.* See Fed. R. App. P. 24(a)(1). The Court of Appeals may assess the plaintiff a "strike" if it concludes that his appeal has no merit. If the plaintiff accumulates three strikes, he will not be able to file a case in federal court (except a petition for *habeas corpus* relief) without prepaying the full filing fee unless he demonstrates that he is in imminent danger of serious physical injury. Id.

---

[2] Because the plaintiff did not oppose the defendant's proposed findings of fact, there are no unresolved questions of fact regarding whether the plaintiff exhausted his administrative remedies. That means that the court has "no reason to conduct an evidentiary hearing" under Pavey, 544 F.3d 739. Aguirre v. Witek, Case No. 08-C-1110, 2010 WL 1292161, at *2 (E.D. Wis. Mar. 30, 2010) (quoting Doss v. Gilkey, 649 F. Supp. 2d 905, 912 (S.D. Ill. 2009)).

Under certain circumstances, a party may ask this court to alter or amend its judgment under Federal Rule of Civil Procedure 59(e) or ask for relief from judgment under Federal Rule of Civil Procedure 60(b). Any motion under Rule 59(e) must be filed within **twenty-eight days** of the entry of judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2). Any motion under Rule 60(b) must be filed within a reasonable time, generally no more than one year after the entry of the judgment. The court cannot extend this deadline. See Fed. R. Civ. P. 6(b)(2).

The court expects parties to closely review all applicable rules and determine, what, if any, further action is appropriate in a case.

Dated in Milwaukee, Wisconsin this 31st day of March, 2025.

**BY THE COURT:**

_____
**HON. PAMELA PEPPER**
**United States District Judge**